**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ramiro MEZA–CASILLAS,**
**Defendant—Appellant.**

**No. 00–10282.**
**D.C. No. CR–99–00424–1–JBR.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001 *.

Decided April 9, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

—————

Before FERNANDEZ, KLEINFELD, Circuit Judges, and MOSKOWITZ,** District Judge.

MEMORANDUM ***

Meza–Casillas was convicted of being a deported alien found in the United States in violation of 8 U.S.C. 1326(b). He argues that a 16 point enhancement under the sentencing guidelines based on a prior aggravated felony was inappropriate.

 In the district court, Meza–Casillas expressly conceded that his past crime was classified as an "aggravated felony" under the statute and sentencing guidelines, but argued that a downward departure should be granted because his predicate felony was less serious than most of those so classified. On appeal he argues that the district court had an insufficient basis for so characterizing the past crime, because of the absence of a citation and because, arguably, the statute could be construed so that his initial sentence on the earlier crime would have prevented an "aggravated felony" classification. Assuming without deciding that either or both arguments would have been well taken, the error, if any, was not "plain." A "plain" error means an error that "is so clear-cut, so obvious a competent district court judge should be able to avoid it without benefit of [any] objection."[1] The error here, if any, does not meet that standard.

 Meza–Casillas also argues that a prior aggravated felony is an element of the offense under 8 U.S.C. 1326(b) and must be pled in the indictment. He relies on *Apprendi v. New Jersey*[2] for support. This argument is foreclosed by the decision in *Almendarez–Torres v. United States*.[3] Under *Almendarez–Torres*, the government is not required to include Meza–Casillas' prior felony conviction in the indictment, nor prove it beyond a reasonable doubt, and the district court may properly consider such a conviction in sen-

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Turman*, 122 F.3d 1167, 1169 (9th Cir.1997).

2. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

3. 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

tencing.[4]

AFFIRMED.

---

4. *United States v. Pacheco–Zepeda,* 2000 WL 33156290 (9th Cir.2001).